# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| CLEATUS FURLONG,<br><br>        Plaintiff,<br><br>    vs.<br><br>DICK BROWN,<br>*et al.*<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 2:14-cv-00235-JMS-DKL<br>)<br>)<br>)<br>) |

**Entry and Order Directing Dismissal of Action**

**I.**

**A.**

Cleatus Furlong's August 11, 2014, motion to amend complaint (dkt 4) is **granted.** The clerk is directed to **file the attachment to docket no. 4 as the amended complaint.** A copy of the amended complaint shall be included with Furlong's copy of this Entry.

**B.**

Furlong is confined at Wabash Valley Correctional Facility ("Wabash Valley"). Furlong alleges that defendants (1) Wabash Valley Superintendent Dick Brown, (2)Wabash Valley Hearing Officer Sarah Chapman, (3) Wabash Valley Secure Housing Unit Case Work Manager Beverly Gilmore and (4) Indiana Department of Correction Final Reviewing Authority Michael Barnes violated his federally secured rights.

AA provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it >fails to state a claim upon which relief can be granted.=@ *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. '

1915A(b)(1)). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). The amended complaint continues to assert claims pursuant to 42 U.S.C. ' 1983 and is subject to the screening requirement of 28 U.S.C. ' 1915A(b). Applying this standard, the following claims must be dismissed:

*Grievances.* Although there is a process for the filing and resolution of grievances, the failure of prison officials to process grievances in a particular way or to do so leading to a particular result is not actionable under 42 U.S.C. ' 1983. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In addition, the plaintiff notes that the result of one proceeding was additional disciplinary segregation time of three months, a placement which the plaintiff does not have a liberty interest in avoiding, and therefore this placement cannot be the basis of a due process claim. *Reggie Townsend v. Larry Fuchs and Jerry Allen*, 522 F.3d 765 (7th Cir. April 10, 2008). Accordingly, because Furlong had no expectation in a particular outcome of his grievances, there is no viable claim which can be vindicated through ' 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under ' 1983); *see also Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007)(AFactual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."; that is, there must be "enough facts to state a claim to relief that is plausible on its face.").

In addition, to the extent that the conduct reports and subsequent disciplinary proceeding resulted in the deprivation of earned good time his claims must be dismissed. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a ' 1983 claim.

*Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). Accordingly, claims against defendants are dismissed without prejudice insofar as those claims are based on actions which resulted in the imposition of a sanction which lengthened the anticipated duration of Furlong's confinement.

*Secure Housing Unit.* Federal claims are viable only if Furlong has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983). In the present case, the conduct Furlong alleges is clear, but nothing in the conduct attributed to the defendants violated any of Furlong=s federally secured rights. The due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority Ais free to use any procedures it chooses, or no procedures at all@). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose Aatypical and significant hardship . . . in relation to the ordinary incidents of prison life.@ *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

The Seventh Circuit Court of Appeals has adopted a stringent interpretation of *Sandin.* In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is

confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997). Insofar as pertinent here, the conditions of confinement imposed on Furlong in the Special Housing Unit ">likely would apply to most solitary confinement facilities,' suggesting that the conditions themselves were ordinary incidents of prison life that inmates have no liberty interest in avoiding." *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)).

Furlong had no due process or other right to be free from placement in the Special Housing Unit at Wabash Valley, even if he thought it unjustified. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) (AClassifications of inmates implicate neither liberty nor property interests . . . .@) (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Accordingly, there is no viable due process claim asserted in Furlong=s amended complaint and such claims are dismissed. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)(A[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.@).

For the reasons explained above, even when liberally construed, the amended complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim under 42 U.S.C. ' 1983. Dismissal of the federal claims pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

**II.**

The dismissal of the amended complaint will not in this instance lead to the dismissal of the action at present. Instead, Furlong shall have **through September 18, 2014,** in which **to file a second amended complaint.**

If Furlong chooses to file a second amended complaint, his second amended complaint shall conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the second amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the second amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the second amended complaint shall contain a clear statement of the relief which is sought.

**IT IS SO ORDERED.**

Date: 08/14/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CLEATUS FURLONG
128442
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

**Note to Clerk: Processing this document requires actions other than docketing and distribution.**