UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLEATUS FURLONG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 2:14-cv-00235-JMS-DKL |
| DICK BROWN, *et al.* | ) ) ) |
| Defendants. | ) |

**Entry and Order Dismissing Action**

**I.**

**A.**

Cleatus Furlong's September 19, 2014, second motion to amend complaint [dkt 8] is **granted.** The clerk is directed to **file the attachment to docket no. 8 as the second amended complaint.** A copy of the second amended complaint shall be included with Furlong's copy of this Entry.

**B.**

Furlong is confined at Wabash Valley Correctional Facility ("Wabash Valley"). Furlong alleges that defendants (1) Wabash Valley Superintendent Dick Brown, (2) Wabash Valley Hearing Officer Sarah Chapman, (3) Wabash Valley Secure Housing Unit Case Work Manager Beverly Gilmore and (4) Indiana Department of Correction Final Reviewing Authority Michael Barnes violated his federally secured rights.

AA provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the

complaint, in whole or part, if . . . it >fails to state a claim upon which relief can be granted.=@ *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. ' 1915A(b)(1)). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). The second amended complaint continues to assert claims pursuant to 42 U.S.C. ' 1983. For the reasons set forth below, the second amended complaint must be dismissed pursuant to 28 U.S.C. ' 1915A(b).

Federal claims are viable only if Furlong has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983). In the present case, the conduct Furlong alleges is clear, but nothing in the conduct attributed to the defendants violated any of Furlong=s federally secured rights. The due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority Ais free to use any procedures it chooses, or no procedures at all@). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose Aatypical and significant hardship . . . in relation to the ordinary incidents of prison life.@ *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Here, Furlong's second amended complaint fails to state a claim upon which relief can be granted because it lacks factual content allowing the court to draw the reasonable inference that the conditions of his

confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety."). Insofar as pertinent here, the conditions of confinement imposed on Furlong in the Super-Max Segregation Unit (hereafter "SHU") "'likely would apply to most solitary confinement facilities,' suggesting that the conditions themselves were ordinary incidents of prison life that inmates have no liberty interest in avoiding." *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (*quoting Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005)).

Furlong had no due process or other right to be free from placement in the SHU at Wabash Valley, even if he thought it unjustified. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) Accordingly, there is no viable due process claim asserted in Furlong=s second amended complaint. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)(A[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.@).

In summary, Furlong's second amended complaint makes reference to constitutional provisions but does not allege a plausible violation of them. There is no allegation that the conditions of his 90-day confinement in the SHU constituted an atypical and significant hardship on Furlong in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484-86; *see also Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (no federally protected liberty interest in avoiding fabricated disciplinary conviction resulting in 60 days of segregation).

Furthermore, as to Furlong's claims that the defendants' actions violate the Indiana Department of Correction's policy or state law, the Seventh Circuit Court of Appeals has held that:

> 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police

practices. In other words, the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established.

*Thompson v. City of Chicago,* 472 F.3d 444, 454 (7th Cir. 2006)(internal quotations and citations omitted). It is therefore evident that the plaintiff cannot maintain a claim under § 1983 based on the alleged violation of the Department of Corrections customs.

For the reasons explained above, even when liberally construed, the second amended complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim under 42 U.S.C. ' 1983. Dismissal of the federal claims pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory and this action is **dismissed**. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: _September 25, 2014_

Distribution:

CLEATUS FURLONG
128442
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

**Note to Clerk: Processing this document requires actions other than docketing and distribution.**